## THE A. E. ACKERMAN.

### Appeal of ACKERMAN TOWING CO.

(Circuit Court of Appeals, Second Circuit. November 10, 1920.)

No. 52.

Collision ⬅═125—Insufficiency of evidence.

A decree against a tug for collision with a lighter lying in a slip *held* not sustained by the evidence.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the Hudson River Lighterage Company against the tug A. E. Ackerman; the Ackerman Towing Company, claimant. Decree for libelant, and claimant appeals. Reversed.

F. W. Park, of New York City, for appellant.

Harrington, Bigham & Englar, of New York City (G. C. Manning, Jr., of Brooklyn, N. Y., of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. This libel was filed against the tug Ackerman to recover damages for injuries to the derrick lighter Essex sustained June 12, 1916. The libel verified April 17, 1917, set forth with great particularity that the lighter was lying on the south side of Pier 4, Bush's Docks, half way up the dock, bow in; that the tug Ackerman came into the dock between Piers 3 and 4, made fast to the barge Charles Rockwell, lying at the bulkhead, and in taking her out of the slip the barge came into collision with the lighter, doing slight damage; that the master of the lighter called out to the captain of the tug to look at the damage, but he paying no attention continued on out of the slip. At the time in question there were seven piers each about 1,000 feet long at the Bush Docks.

At the trial April 4, 1918, the master of the lighter who was the only witness of the libelant told the same story. The claimant, however, showed conclusively, and the District Judge found, that the tug picked up the Rockwell on the north side of Pier 5, close to the outer end, and took her to Pier 27, Brooklyn. The deckhand of the tug as well as the captain of the Rockwell, who were claimant's only witnesses testified, that the Rockwell was in no collision on that day. Notwithstanding this, the District Judge thought that the master of the lighter

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was too honest, and, if not too honest, too stupid, a man to fabricate his story, and therefore found, in spite of his entire misstatement as to the place of the collision, that the lighter was in collision with the Rockwell.

We do not think the account given in the libel and adhered to at the trial can be dismissed by mere conjecture. If the derrick was where the libelant stated, she could not have been in collision with the Rockwell. A party is bound by his pleading, unless the clearest explanation is given of mistake. Not only was there none such in this case, but the master of the lighter was contradicted by two witnesses.

The decree is reversed.